```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

GARRY L. HOWARD,

    Plaintiff,

v.                              Case No:   2:16-cv-321-FtM-99MRM

SUNNILAND CORP. and SCOTT ORTEGON,

    Defendants.

_____

### ORDER

This matter comes before the Court on review of the docket. On August 11, 2017, the Court directed plaintiff to respond to the pending Motion for Summary Judgment (Doc. #53) or it would be treated as unopposed. On August 21, 2017, plaintiff was granted a brief extension of time until August 22, to file a response. (Doc. #58.) On August 29, 2017, a full week after this deadline, plaintiff filed his Response in Opposition (Doc. #59).

Although the Court does not necessarily excuse the dilatory filing, discounting the response would make the motion akin to a request for default judgment. If a party fails to properly respond to a request for summary judgment, the Court may consider the facts undisputed and "grant summary judgment *if* the motion and supporting materials--including the facts considered undisputed--show that the movant is *entitled to it*. . . ." Fed. R. Civ. P. 56(e) (emphasis added). "Thus, summary judgment, even when unopposed,

can only be entered when "appropriate." United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004); Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988). This entails reviewing the merits by at least ensuring that the motion is supported by evidentiary materials. Id.

The Eleventh Circuit as a "strong policy" of determining cases on the merits. Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc., 740 F.2d 1499, 1510 (11th Cir. 1984) (citations omitted). The Court is guided by this preference:

> Doubt should be resolved in favor of a judicial decision on the merits of a case, and a technical error or a slight mistake by plaintiff's attorney should not deprive plaintiff of an opportunity to present the true merits of his claims. The countervailing factors are the defendants' and society's interests in the finality of judgments and the avoidance of prejudice. [ ] The plaintiff should not be punished for his attorney's mistake absent a clear record of delay, willful contempt or contumacious conduct.

Blois v. Friday, 612 F.2d 938, 940 (5th Cir. 1980)[1] (per curiam). The Court will accept the response as it presents a dispute of the facts as presented by defendants, and proceed with a review on the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

merits. That being said, the Court desires a reply from defendants.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Response in Opposition (Doc. #59) is **accepted** and will be considered.

2. Defendants shall file a reply within **FOURTEEN (14) DAYS** of this Order.

**DONE and ORDERED** at Fort Myers, Florida, this ___31st___ day of August, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record